We'll hear Auxer v. Alcoa. May I please record I'm Bill Caroselli representing the appellants Cameron Auxer et al. in these consolidated cases. There is one issue that comes before the court today and that is whether or not the district court abuses discretion in dismissing the case on the basis of foreign law disobedience, keeping in mind of course that this was done prior to any determination of jurisdiction. These cases had started in the Port Acoma Pleas in Allegheny County because Alcoa is headquartered in Pittsburgh and these are cases brought primarily by residents of Australia for environmental cancers that occurred as a result of three distinct and discrete refineries in Australia. You represent Alcoa? No, I represent the plaintiffs, Your Honor. Oh, alright. And you don't want it sent to Australia? We do not, Your Honor. But they live in Australia? That's correct, Your Honor. Okay, and they live in Australia? That's correct, Your Honor. And the witnesses to the injury are in Australia? That's correct also, Your Honor. Okay. How long have they been in Australia? So, the corporate decisions made on the liability, keep in mind that this is an environmental case, all occurred in Pittsburgh. What kind of decisions? The decisions in reference to medical, the decisions in reference to environmental. Let's go back. I'm sorry. I don't mean to monopolize it and if you have a question, just butt in. Trust me, I'll jump in. I should know that from the impact. Okay, what do you mean the decisions as to medical? Wouldn't they be made by the doctors in Australia? No, no, I'm not talking about the medical as to, as it pertains to causation in this case. I am talking about the corporate intelligence, the corporate knowledge, the corporate references that were available to Alcoa in Pittsburgh because that is where their environmental safety and medical people were. There's no question that the medical director of Alcoa is headquartered in Pittsburgh. As a matter of fact, he has in many cases written on a number of different maladies that can occur either to employees or to persons who have been exposed in the environment around the various facilities. So you want it in Pittsburgh because the medical director is there? All the environmental people there, the engineering controls. And it's convenient to you. Are you in Pittsburgh? I am, yes, Your Honor. So Pittsburgh is convenient to you. Well, it isn't convenient to me necessarily. The case has been referred to my office because someone else did an analysis. To counsel for the plaintiffs. Let me put it that way. Yes. Pittsburgh is convenient to them, but not convenient to the clients. Well, it is convenient to the clients because the clients have to prove their case. They have to prove their liability. It is not just a question of exposure. It's a question of exposure to what. This occurred over three decade periods. There are many, many witnesses who reside in Pittsburgh and Western Pennsylvania. Witnesses to what? Witnesses to what the corporation knew. Witnesses to what the corporation did in response to its environmental cases. It's extremely important that clients, plaintiffs, have access to what the corporate knowledge is. It isn't merely coming into a case and saying, okay, we were exposed. That's the extent of it. How many witnesses are, how many corporate witnesses are there at issue? I would Once you determine what the corporation knew, then you have to determine what that medical director at that time knew. Then you go to the environmental people. Was there a communication between the environmental people and the medical people? Was there then communication to the engineering people? Was there then communication to the safety people? What warnings should have been given? What engineering processes should have occurred? I get all of that. My question is, how are you hampered? They're going to be available. Alcoa is the moving force behind the motion. They'll make the people available. Whatever discovery is required will be made available. How are you hampered? Australia does not permit any discovery other than paper discovery. There is no ability to take pretrial depositions of any witness. The lower court, the district court, went through a long discussion about the Hague Convention and how the Hague Convention could be utilized by the Alcoa if the case were in Australia. Unfortunately, that's not true. You mean the district court didn't know the facts, the law? I don't believe that the district court applied what this court has said in the Loney case and the Lucy case. This court has written extensively on forum non-convenience. So has the Supreme Court when it reversed us. But it did not reverse you in what this court has said in the Loney and the Lacy case is that each case involving forum non-convenience is dependent upon the facts. And that the plaintiff's choice of forum is rarely disturbed. And thirdly, that the moving party has the burden of persuasion on all issues. Most importantly, the burden is that there has to be an argument that is directly out of proportion to the defendant. In this case... Tell us about the Hague Convention. What is it that you can do? Can you take depositions under the Hague Convention and have them filed in Australia? Can we? No, the answer is no. The only time depositions can be taken, and we have provided three affidavits of three practitioners in Australia. The only time that depositions can be taken is if the person is going to die. That is the only time that a deposition can be taken and preserved and used at trial. Other than that, there is no deposition that can occur. Why can't the relevant information be ascertained by, isn't it letters rogatory that they use? Because you only can use what the procedure is in the forum. That's my question. What is the procedure in the forum for, I think, I recall cases in which they use letters rogatory. If the forum to which the case has been transferred, Australia, has in fact... It's not transferred, by the way. Not transferred, but the case has been dismissed. If that particular jurisdiction has certain procedural discovery in place, then the Hague Convention allows the parties... Does Australia have that procedure in place? No, they don't. They do not allow depositions. They do not allow any type of pretrial discovery but for certain documents. Okay, so why can't they do this by documents? Because seldom do corporate executives put things into documents that are necessarily going to create liability. Well, you mean they're going to lie? I'm not going to say they're going to lie. I'm just going to say that they're not going to put things in writing. If you ask them. I don't understand this. We can't ask them. Wait a minute. Well, you're... Go ahead. You're talking about a procedural posture that I'm not sure that is an impediment to your clients. Each of you is going to be constricted by the same rules. Each party is going to be able to get whatever discovery is permissible under Australian law. You'll be able to, whether it's at some pretrial hearing or a trial, to query from any executive that's subject to subpoena. Alcoa is the one who made the motion, so I'm sure that Alcoa will make whoever is requested available. But not for discovery. They may make them available at the time of trial because that's all that is required by the Australian rules of civil procedure. There is this exchange of witness statements that occurs, but that's not sufficient. Tell us about that. Well, how, why? Because, as a very practical matter, witness statements are prepared by counsel. They are not prepared by the person, and it's impossible to cross-examine a witness statement. Let me see if I understand you. I understand... Let's not talk about discovery. Let's talk about, as the district court did, access to evidence for trial. Now, we can all agree that it's much more efficient to have pretrial discovery before we get to trial, but what wins or loses the case is what goes on at trial. It may be less efficient. It may take more time. But the district court said, look, at least as far as the private factors are concerned here, it's clear that Alcoa is going to need witnesses and documents at trial from non-party witnesses in Australia. And it's equally clear that at trial, in order to pursue their theory, the plaintiffs are going to need for trial witnesses and documents of Alcoa from Pittsburgh. Yes, sir. And as I read the district court's opinion, it resolved that by saying that witnesses and documents from a party are available, would be available in Australia, whereas witnesses and documents from non-party witnesses in Australia would not be available in Pittsburgh. Now, is it true that a question was asked earlier, it was on the assumption that Alcoa had volunteered to produce any witnesses you wanted or documents that you desired in Australia. Is that your understanding? No, that is not. The only understanding that I have, Your Honor, is that Alcoa would not question the jurisdiction of the Australian court. That was all we were led, that's all that is in the record. If we made it a condition of an order that Australia produce the necessary witnesses in Australia, would you be satisfied? Only if we had the opportunity to engage in the discovery. Although the Second Circuit and the Seventh Circuit have dismissed that as a reason on jurisdiction, it still enters into the private interest factors. Keep in mind, we must prove our case. We have the burden. I interrupted Judge Stapleman. Let him continue. No, go ahead. You're right on track from my question. We have that burden. We have the burden to satisfy each and every element. I'm looking at the case as it goes down the line, and if there is a motion for summary judgment prepared or attended or filed, I'm not quite sure that we can satisfy that burden that's necessary to prove all the elements of our case. This is not a customary case. This is not a commercial case where there's a lot of paper. We are talking about going back three decades to prove what was known, what occurred, and what occurred and what facts occurred really occurred in Pittsburgh. This is what the plaintiff's burden is. And without the necessity of the rules of federal procedure, I don't believe we can prove our case. I think we understand your point. Thank you. Thank you very much. Did you save rebuttal time? I did not, Your Honor. Oh, okay. Oh, if you did not, I have one more question. Go ahead. Sure. I did, but I didn't tell the court. Well, that's all right. You saved it. She's part of the court. Oh, okay. How much time did he save? Two minutes. Okay. If you save two minutes, I'll go. No, go ahead. What the? You know, back and forth, it's all good. Here's my question. What you're suggesting is we've got a better system. That's true every time we have a case in which the choice is between a U.S. forum and a foreign forum. Lawyers arguing before us are going to say, I'm much more familiar with this. This is better for my client. I'll have a more robust opportunity to prove my case. Yet, we don't always rule that the case should remain. Here, it was dismissed pursuant to forum nonconvenience. Is the crux of this the convenience issue? Or is the crux of this that there is no possible way that you can get information that you need for your case? Because what it sounds to me like is this is not the best way, Your Honors, but it would be preferable if we were here. We filed the case in Allegheny County. We prefer to be here. Because we don't believe that although there is ability to serve Alcoa in Australia, that Australia is a forum which is adequate. Because the plaintiff will not be able to prove their cases in Australia. Well, it's a civilized country, you know. Oh, I understand that. I have been there. Good for you, I haven't. If one reviews the affidavits of the three barristers that we have presented who are academics as well, I think you will see where the disproportion lies. Thank you. May it please the Court. I'm Tom Ryder, counsel for Appley Alcoa. Mr. Ryder, can I ask you right at the outset, will you produce, do you undertake to produce the necessary witness, if they are necessary, the necessary witnesses in Australia? Your Honor, that was not an issue that was raised. But it's an issue I'm asking you. Yes, it's not an issue raised. Well, my understanding is that this case, from our perspective, has never been about trying to deprive the plaintiffs of access to the witnesses at trial. And therefore, the answer to your question is, I believe that we will make our witnesses available at trial in Australia to the extent that they're necessary for the resolution of the matter. That's my understanding, Your Honor. All right. Okay, that's on the record. Go ahead. I also would say that we will make the documents available. I'm sorry. I thought you did not, you did not give a, I thought you gave a negative response to the judge's question. I'm sorry, Your Honor. Does this record support, as I said, as the way I read the district court, the district court said, look, I understand that Alcoa is going to need access to non-party witnesses and a lot of documents. But the plaintiffs may well need access to the witnesses, party witnesses. And he resolved, it resolved the conflict between those interests when weighing upon the superior access to documents and witnesses of a party in Pittsburgh where the case tried in Australia. Now, what is there in this record that supports that resolution? Yes. Conflicting interests. I think Your Honor has it exactly right in terms of what the trial court thought it was doing. And the reason the trial court framed the issue in those terms is because that's how the papers were presented below, which is to say that we argued that there are a number of third-party witnesses in Australia that are very important to the resolution of this matter. There really was no dispute about that. And that we won't be able to access them for any purposes in this matter if the case proceeds in Pennsylvania. In contrast, the witnesses and the evidence that the plaintiffs claim they need from Alcoa if the case proceeds in Australia will be available at trial. That's how the trial court proceeded. And I just represented to Judge Slover to my understanding that we will make Alcoa witnesses available to the extent they're necessary at trial consistent with what the district court was assuming and essentially the way the plaintiffs presented the argument. Because their argument is even though the documents will be made available and the witnesses will be made available at trial, that's not good enough because they need to take depositions of these witnesses. And that's the crux of the dispute. And Judge Greenaway was flagging, I believe correctly, what this case really boils down to, which is in the event that we have a situation where plaintiffs, foreign plaintiffs, claim they need deposition discovery to prove up their case and that deposition discovery is inhibited in a foreign jurisdiction where they live and permitted in the United States, is that sufficient to forestall and preclude a foreign nonconvenience dismissal? That's essentially the argument we're hearing from the plaintiffs. And the answer to that question, in our view, is the district court got it right. And the reason for that is that, or several really. One is we are not aware of any, and I don't think there were any cited to the court, of decisions in which courts held that the ease of access to proof, sources of proof issue, referred to deposition discovery as opposed to proof at trial, number one. Number two, the recent decision that Judge Greenaway authored in the Eurofins, I believe, case a couple months ago, after the briefs were submitted, contains some discussion about the question of deposition discovery in this very context. In that case, I believe it involved France. That case noted that you couldn't take depositions in France, but that wasn't a sufficient reason to preclude dismissal to France. I'm not suggesting that case didn't have some different facts and some different considerations. It obviously did. But I simply point that out because I think the Third Circuit actually has, to some degree, addressed this issue. Then the last point, which I think Judge Greenaway was getting at in some questions, and perhaps the other judges, is what this argument the plaintiffs are advancing really boils down to, is our system is just a better system, at least for complex cases that the plaintiffs feel they have a burden on. But if that's the rule of law, if basically the plaintiffs need deposition discovery, and if they can't get it in a foreign jurisdiction, the other jurisdiction is inferior or not adequate, then our courts will be routinely the place where foreign plaintiffs will be able to sue.  And I would also note on that point that at the end of my colleagues' remarks to the court, there was a suggestion that Australia is not an adequate forum. And that is an argument they made below for these very reasons. And the district court addressed those issues. But on appeal before this court, if the court goes back and looks at the briefs that the appellant submitted to the court, they abandon that argument. There is no argument that, at least I have seen in their papers, that Australia is an inadequate forum due to any of these deficiencies. The only argument they made about the adequacy of the Australian forum was this half-hearted argument that we're not subject to jurisdiction in Australia, which we clearly are. In fact, they essentially admitted that. And anyway, you're conceding that you'll take jurisdiction in Australia. We absolutely are, Your Honor. I hate to take you back, but it would help me greatly if I got an answer. It may make a difference whether this is, for me, whether it's a hard case or an easy case. Sure. I ask you a question of where in the record it showed that the plaintiffs would have access to witnesses and documents from Pittsburgh, Alcoa witnesses and documents in Australia were the case to go to trial in Australia. Yes. And you said – I understood you to say, well, first, under Australian procedure, our witnesses and documents would be available. And you said besides that – and I wasn't sure whether you were undertaking or you were saying that your client had undertaken on the record in the district court that there had been an offer of whatever witnesses. Yes. Let me try it again. Where in the record does it show – now, of course, your first answer is a legal answer, Australian law, and it doesn't need to be in the record if you can give me some citations. But what is there either in the law or in the cases or in the record to show that there's going to be no problem about the plaintiffs for trial having access to witnesses and documents of Alcoa? Yes. And, Your Honor, I apologize for not speaking as clearly as I ought to. And what I was trying to do – and I am going to get to the bottom line answer as best I can. But what I was trying to do was just provide some context, which I realize is not perhaps directly responsive. But the context is that the parties preceded in the briefing below and in the briefing before this Court as if that concern that Your Honor has was really not an issue at all. But you have to answer, Judge Stengel. I am. His question is show us in the record. Yes. And the answer is that with respect to documents, Your Honor, there's a specific reference, I believe, in a reply brief that we submitted to the trial court below in a footnote or somewhere. There's a specific statement that we'll make. Documents, yes. Yes. Now, as to witnesses, there is no statement specifically in the record that I'm aware of where that was raised. I'm trying to explain why that was, which is I don't think it was an issue. The plaintiffs were assuming it. We're assuming it. I'm telling the court on the record that that's the case. If the court feels it's necessary in order to deal with this issue to have further clarification in writing or in terms of a remand or whatever, I know the court will do what it feels correct. But I'm simply trying to make the point that that concern, which I fully understand, was sort of assumed to be not an issue, and the issue was this deposition thing. But the best I can do, Your Honor, is to ---- That's a fair answer. I understand. Thank you. Explain to me, as I understand the plaintiff's position, it is, look, we need discovery. We're used to discovery before trial. We can't prove our case without discovery. And then there's this reference about witnesses' statements. Would you explain to me that are available? And he says, well, witnesses' statements are made by lawyers. But I don't think that lawyers can and should and will be allowed to get away with not having, not providing full witness statements. Now, tell us, what is the procedure on witness statements in Australia? Because I just don't know. Your Honor, my understanding is that witnesses at trial need to furnish, there needs to be furnished to the adversary a statement that will describe the substance of the witness's testimony. I'm not sure that I'm going to be as helpful as Your Honor might wish on that point. That is what I understand to be the case, and I think there's some reference in the record to that. If I could turn to one, I think, important point that I haven't had a chance to get to, and that is the sort of assumption that the Australian witnesses, third-party witnesses and so forth that we identified specifically in the record are really not going to the core of the issue here, and that the core of the issue is what these people in Pittsburgh, you know, knew and what they were writing about and so forth. I fully accept that the plaintiffs have asserted claims against Alcoa, Inc. in Pittsburgh, and that they have a right to do that. But I do think it's important to keep in mind that the party that runs this facility, owns and operates this facility, is a real company in Australia, Alcoa of Australia, that's 60 percent owned by Alcoa, but it's a real company, it's regulated, it's there to be sued. They've chosen not to sue that entity. I know they have a right to do that, but I think that's important. And then furthermore, the core of this dispute, really, really, when you get down to it, is are these substances in Australia being released and harming the plaintiffs? I mean, that's what this case is about. It's true that at the end of the day, they may need to show, if they want to hit Alcoa, Inc., as opposed to Alcoa, Australia, certain levels of control. But we don't get to that issue. And that is the issue that the regulators and parties in Australia have been studying in depth for years. And that evidence is critical, and it's in Australia, and it's in the control of third parties. And if this case proceeds in Pennsylvania, we will not, or the plaintiffs, for that matter, will not have access to any of that evidence. So I understand that at a certain level, there may be some impact on the plaintiff's ability to pursue their case if this case proceeds in Australia versus Pennsylvania. But that's the sort of thing the district court is evaluating and has wide discretion to evaluate. And there clearly is substantial evidence to support the district court's conclusion that Australia is a better forum for resolution of this matter. The witness statements that you mentioned a moment ago in response to one of my colleagues' questions, are those pretrial witness statements, or are those produced as trial is imminent, generally speaking? I believe, Your Honor, that those are produced in terms of trial, in advance of trial. Okay. I don't think that the – I was concerned that it was going to be an information dump the first day of trial. I don't believe that's the case. I don't believe it's an information dump situation. I also go back to one of the points that Judge Slover, I think, was making. I mean, Australia has different rules than we do. I understand that. And they have a more stringent and more limited ability of parties to access information in the pretrial process. I think that's clear. But, I mean, it is a real country. It has real procedures. It has a plaintiff's bar. It has negligence claims. It has a common law system that traces its origins to the same one that ours does. There's no suggestion that the judges down there are in the pocket of Alcoa of Australia, that the plaintiffs can't get access. I mean, if the court reads the record, you'll see that this matter has attracted enormous attention in Australia. I mean, this is not some situation where the plaintiffs won't get their day in court. In fact, there's actually been a lawsuit about this very matter in Australia. So we just suggest that the court affirm the decision below. And, again, we note that this recent Eurofence case we think to some extent is useful. Where can we get access to a good description of the law in Australia? Your Honor, I believe there are. I mean, we're really smart law clerks, but I don't know if they'll know where to go. I believe there are affidavits that were submitted in this matter, three by the plaintiffs, one by, I guess, the appellants and appellee. Those, in turn, cite various cases and evidentiary sources and so forth. And just doing a little reading myself, there are sort of analogs to what we have here in terms of Australian practice. I wish I were more conversant on it, frankly, but I do think the court can get comfort. Thank you. Thank you, Your Honor. Well, do you have any more questions? No, I'm fine. No, I'm good. I'm good. Thank you. Just very quickly, I think that if the court- In two minutes. in Australia to answer Judge Greenaway's question. It is my understanding that witness statements are something that is done at pretrial, not during pretrial. In other words, it's like a pretrial statement. In other words, when you are faced with going to trial, you ultimately get the statement of the witness. Okay. So that's important because what I had thought, based on your statement earlier, was that your concern was trial by ambush. I am, sir. Well, it either is or it isn't. If this statement is – well, let me ask more questions. The witness statement is a summary or is it a recitation of what is the anticipated testimony? It is my understanding that a witness statement is consistent with an offer of proof. In other words, that it is an outline of what that witness intends to say. Oh, okay. It is not a full and complete disclosure of each and every pertinent fact that is important to the case. And one has to – well, my first question is, is this understanding based on what we have in the record, that is, the four affidavits that Mr. Ryder mentioned, three from your side, one from his? Or is this something that you know that's outside of the record? I believe that that is in the record, Your Honor. Okay. I believe that it is, and I was looking for it and unfortunately could not find it quickly. That's fine. Thank you. A couple of issues. One, we certainly are in a position – Your time is up. Can I ask you one more question? Yes, go ahead. Just one more question on the witness statements. Is one required of every witness that a party anticipates calling? I don't know the answer to that. Okay. I am assuming, to the advantage of the defendant, that that would be yes. Thank you. Thank you. Thank you. We'll come to the next – thank you both. You clarified some of the issues that the court has, so I thank you for that. Thank you, Your Honor. And we'll – we just have a long list this week, Mr. Caroselli.